(No. 12758.—Judgment affirmed.)

E. D. JONES, Appellant, vs. CLARK COUNTY, Appellee.

*Opinion filed October 27, 1919.*

FEES AND SALARIES—*$2500 is maximum salary of State's attorneys in counties not exceeding 30,000 population.* In counties not exceeding 30,000 inhabitants the sum of $2500 fixed by statute as the maximum amount to be paid to State's attorneys for all services includes the sum of $400 to be paid by the State. (*Smith* v. *County of Logan,* 284 Ill. 163, followed.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding.

O'HARRAS, WOOD & WALKER, for appellant.

OLEN R. CLEMENTS, State's Attorney, and GRAHAM & SNAVELY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the Appellate Court for the Third District affirming the judgment of the circuit court of Clark county, heard in the Appellate Court on appeal. The cause comes here on certificate of importance by the Appellate Court.

The appellant, E. D. Jones, presented to the board of supervisors of Clark county, Illinois, on June 4, 1917, a claim for $1200 for unpaid salary as State's attorney of said county for four years, beginning December 2, 1912, which was disallowed by said board, from which action an appeal was taken to the circuit court. A jury was waived and the cause submitted to the court on a written stipulation of facts. A judgment was rendered in the circuit court in favor of Clark county and against appellant and for costs.

During the time the appellant was State's attorney of said county he received as compensation for his services the sum of $2500 for each of the four years, of which sum the county paid $2100 and the State of Illinois $400 each year. The population of Clark county, as ascertained by the last census previous to the election held in 1912, at which the appellant was elected State's attorney of the county, was 23,517.

The question involved in this case depends upon the construction that should be given to an act fixing the salaries of State's attorneys, in force July 1, 1912, and particularly to portions of section 1 of said act. It is contended by the appellant that by section 1 of said act he was entitled to be paid as a salary from the county at the rate of $100 per each 1000 inhabitants and a major fraction thereof, but not in excess of $2500, and the sum of $400 from the State in addition thereto, making a total income of $2800 per year. It is contended by the appellee, and so held by the circuit court and the Appellate Court, that the maximum amount to be paid to the appellant for all of his services is fixed by the statute at $2500, which includes the $400 to be paid by the State.

Section 1 of said act is as follows: "That there shall be allowed to the several State's attorneys in this State, hereafter elected, for services to be rendered by them, the following annual salary, to-wit: To each State's attorney in counties not exceeding 30,000 inhabitants, the sum of $100 per each 1000 inhabitants and major fraction thereof, the said salary to be in addition to that now provided by law to be paid by the State: *Provided, however,* that the maximum sum to be paid any State's attorney in any of such counties shall not exceed the sum of $2500 per annum. To each State's attorney in counties containing not less than 30,000 inhabitants and not more than 51,000 inhabitants, the sum of $3500 per annum; to each State's attorney in counties containing not less than 51,000 inhab-

itants and not more than 100,000 inhabitants, the sum of $5000 per annum in the aggregate, which sum shall include the salary which is to be paid out of the State's treasury as now provided by law; to each State's attorney in counties containing not less than 100,000 inhabitants and not more than 250,000 inhabitants, the sum of $6000 per annum; to each State's attorney in counties of more than 250,000 inhabitants, the sum of $10,000 per annum. The population of all counties for the purpose of fixing salaries as herein provided shall be based upon the last Federal census immediately previous to the election of State's attorney in each county."

In the case of *Smith* v. *County of Logan*, 284 Ill. 163, where said section was construed, it was said: "It would seem to be self-evident that the legislature, in referring specifically to the $400 to be paid by the State as to two classes of counties, must have had in mind the question whether the $400 was to be included or excluded in the total salary to be paid to the State's attorneys in the various classes of counties, and it seems the most reasonable conclusion to hold that the legislature, in including specifically this $400 as a part of the salary in two classes of counties and being silent as to whether or not it should be included in the other three classes of counties, did not intend to have it included in said three classes in which it was not mentioned." While it is urged that the language of the *Smith case* here quoted was not necessary to the decision of that case, the question there under consideration was the construction of the entire section, and, as we view it, is controlling here. The reasons given in that opinion apply with equal force to this case.

The Appellate Court did not err in affirming the judgment of the circuit court. The judgment of the Appellate Court will therefore be affirmed.    *Judgment affirmed.*